NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1ST ORLANDO REAL ESTATE SERVICES, INC., F/D/B/A CENTURY 21 REAL ESTATE PROFESSIONALS, | Hon. Dennis M. Cavanaugh |
| | OPINION |
| Plaintiff, | Civ. Act. No. 2:13-CV-01088(DMC)(JAD) |
| v. | |
| CENTURY 21 REAL ESTATE LLC, TITLE RESOURCE GROUP AFFILIATES HOLDINGS, INC. D/B/A TRG | |
| Defendant. | |
| CENTURY 21 REAL ESTATE LLC, | |
| Third-Party Plaintiff, | |
| v. | |
| JOHN HUEBNER | |
| Third-party Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon the motion of Defendant/Third Party Plaintiff Century 21 Real Estate LLC and Defendant Title Resource Group Affiliates Holdings LLC to transfer venue to the United States District Court for the Middle District of Florida under 28 U.S.C. § 1404(a). (Jun. 6, 2013, ECF No. 14-1) Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of this Court that the Defendants' motion is **granted**.

## I.  BACKGROUND

Defendant/Third-Party Plaintiff Century 21 Real Estate LLC ("Century 21"), entered into a franchise agreement with Third-Party Defendant John Huebner ("Huebner") on August 1, 1999 for the operation of a Century 21 real estate brokerage office in Orlando, Florida. (Def's Mem. 5, Jun. 6, 2013, ECF No. 14-1). Huebner acquired four additional Century 21 franchises, all of which are in Florida, and became the sole owner of 1st Orlando Real Estate Services, Inc., ("1st Orlando") a real estate brokerage operating as "Century 21 Real Estate Professionals." (Id.) On January 25, 2006, Defendant Title Resource Group Affiliates Holding LLC ("TRG") entered into an agreement with 1st Orlando to operate First Place Title, LLC, which offered title and settlement service related to residential real estate sales in the Orlando area. (Id. 7).

On March 21, 2012, Huebner was arrested in Osceola County, Florida in a child sex sting conducted by the Osceola County Sheriff's Office and was charged with the following crimes: (1) Travel to Meet a Minor for Sex; (2) Unlawful Use of a Two-Way Communications Device; (3) Lewd or Lascivious Battery (Attempted); and (4) Use of a Computer to Solicit Child to Commit Sex. (Id. 5-6). Huebner sent sexually explicit messages online and via text message to "Sherry Porter", who was in reality Detective Anna Owens of the Osceola County Sheriff's Office. After Huebner was arrested, the story was published in the local press, with some containing mug shots. (Id. 7).

Subsequently, Century 21 terminated the agreement between Huebner and Century 21 for harm to the goodwill of the Century 21 system. (Id.) On March 29, 2012, TRG exercised its right to withdraw from their agreement. (Id.) Huebner, on behalf of 1st Orlando, filed suit against Century 21 alleging improper termination of contract. (Id. 8.) Huebner and 1st Orlando also filed suit against TRG for improper termination of their respective agreement. (Id.)

## II.     APPLICABLE LAW

28 U.S.C.A. § 1404(a) states that "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. The moving party bears the burden and "must present sufficient information on the record to meet this burden of persuasion and to facilitate the court's analysis." Liggett Grp. Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 529 (D.N.J. 2000).

The Court must engage in a two part analysis to determine whether a motion to transfer venue should be granted: (1) "whether the transferee district has proper jurisdiction and venue, such that the case could have been brought in the transferee district in the first instance," and; (2) on "an individualized, case-by-case consideration of convenience and fairness regarding which forum is most appropriate to consider the case." Travelodge Hotels, Inc. v. Perry Developers, Inc., No. 11-1464, 2011 WL 5869602, *5 (D.N.J. 2011). The second part of the analysis rests on a variety of guiding private and public factors the Court may consider. The private factors have included: (1) plaintiff's forum preference as manifested in the original choice; (2) the defendant's preference; (3) whether the claim arose elsewhere; (4) the convenience of the parties as indicated by their relative physical and financial condition; (5) the convenience of the witnesses; and (6) the location of books and records. Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). The public interests have included: (1) the enforceability of the judgment; (2) practical considerations that could make the trial easy, expeditious, or inexpensive; (3) the relative administrative difficulty in the two fora resulting from court congestion; (4) the local interest in deciding local controversies at home; (5) the public policies of the fora; and (6) the familiarity of the trial judge with the applicable state law in diversity cases. (Id. at 880). While these factors

provide a guideline, the Court should look at all relevant factor and the totality of the case at hand. (Id. at 779).

### III.   DISCUSSION

The first prong of the analysis is satisfied as the case could have been brought in the Middle District of Florida, which has both jurisdiction and venue. The parties have conducted business in the Middle District of Florida and the events that gave rise to the action occurred in the Middle District of Florida. Furthermore, the parties have consented to jurisdiction and venue in the Middle District of Florida. (Def's Mem. 10.)

#### A.   Private Factors

The second prong of the analysis requires a case by case study of the facts. The first factor, Plaintiff's choice of forum, is usually weighed in the favor of the plaintiff, but when the plaintiff choses a forum other than his home forum, "deference is curbed." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 521 (D.N.J. 1998). Huebner and 1st Orlando have conducted no business in New Jersey and are located in Florida. Naturally, the second factor, defendant's preference, is the Middle District of Florida.

The third private factor examined by the Court is where the operative facts of the claim arose. In the present case, the critical event that led to the termination of the franchise agreement was Huebner's arrest which took place in Osceola County, Florida. Nothing related to the aforementioned incident took place in New Jersey.

The fourth private factor is the convenience of the forum for both parties. Here, since all the parties are located in Florida, the Middle District of Florida would naturally be more convenient. Similarly, the fifth factor weighs the convenience of the forum for witnesses. The law enforcement officers with knowledge of the incident are located in Florida, along with

witnesses in the real estate community that could testify to the extent that Huebner's actions have damaged the goodwill in the community. Also, the testimony of Florida witnesses could not be subpoenaed or compelled to testify by this Court. (Def's Mem. 13-16.)

The sixth private factor is the location of the records. While the criminal records are located in Florida, this is a minimal inconvenience that does not weigh in favor of either side.

### B.   Public Factors

The most pressing public factor in this case is the practical considerations that could make the trial less expensive. As stated, all the parties to the case are located in Florida, as well as the potential witness who will be vital to determining the issue at hand. If witnesses were required to appear in New Jersey to testify, they would be subject to extra expenses and unnecessary travel time. This factor weighs heavily in the favor of a change of venue. The remaining public factors listed above are neutral and do not bare much consideration for this case.

Considering the totality of both the private and public factors, which weigh heavily in favor of Century 21, the motion to transfers should be granted.

### IV.   CONCLUSION

For the reasons stated above, Century 21's Motion to Transfer venue is **granted**. An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh, U.S.D.J.

Orig:  Hon. Joseph A. Dickson, U.S.M.J.
CC:    All Counsel of Record
       File